## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

| | | |
|---|---|---|
| **RONALD E. GILLETTE,** | ) | |
| | ) | **CIVIL ACTION NO. 1:14-CV-110** |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DIANE PROSPER, Warden of the Golden** | ) | |
| **Grove Adult Correctional Facility;** | ) | |
| **JULIUS WILSON, Director of the Virgin Islands** | ) | |
| **Bureau of Corrections; TERRITORY OF THE** | ) | |
| **VIRGIN ISLANDS; and ERIC HOLDER, in his** | ) | |
| **official capacity as the Attorney General of the** | ) | |
| **United States of America,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## TERRITORIAL DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS & INCORPORATED MEMORANDUM OF LAW

**COME NOW**, Defendants Diane Prosper, Warden of the Golden Grove Adult Correctional Facility and in her individual capacity, Julius Wilson, Director of the Virgin Islands Bureau of Corrections, and the Territory of the Virgin Islands (collectively, "Territorial Defendants"), by and through undersigned counsel, and move for dismissal of the Complaint, pursuant to Federal Rule of Civil Procedure 12(c).   In support thereof, Territorial Defendants state as follows:

### I.   FACTUAL BACKGROUND

Plaintiff is currently incarcerated at the Golden Grove Adult Correctional Facility ("GGACF") stemming from his conviction of several serious sexual offenses.  Specifically, by Judgment and Commitment dated June 19, 2009, Plaintiff was convicted of seven counts of aggravated rape in the first degree, seven counts of unlawful sexual contact in the first degree, two counts of aggravated rape in the second degree and two counts of unlawful sexual contact in

the second degree.  *See Virgin Islands v. Ronald Gillette,* Case No. 1:07-cr-50 (D.V.I. 2009) (D.E. # 325).  Plaintiff's term of imprisonment is 300 months.

Since his convictions, Plaintiff's sole mission is to be released.  Plaintiff has two pending habeas corpus actions--one before the Superior Court of the Virgin Islands and the other before the District Court of the Virgin Islands regarding the same convictions.  In addition to the habeas petitions, on July 2, 2012 Plaintiff moved to intervene in the matter *United States v. Territory of the Virgin Islands*, Civ. No. 1:86-cv-265 (D.V.I.) (D.E. #676).   On November 7, 2012, the District Court denied the motion to intervene and the Third Circuit Court of Appeals affirmed the District Court's decision.  Then, on May 4, 2014 Plaintiff again moved to intervene, which remains pending.

On December 16, 2014, Plaintiff filed his Complaint[1] against Territorial Defendants under 42 U.S.C. 1983 and the American Disabilities Act, for injunctive relief—specifically release from incarceration or in the alternative transfer from GGACF, declaratory relief, attorney's fees and costs.  Plaintiff alleges that Territorial Defendants have and continue to violate his rights under the Eight Amendment of the U.S. Constitution as it relates to medical care, security and training and supervision.  Plaintiff also alleges that Territorial Defendants have discriminated against him, allegedly by excluding him from participating in an unspecified program.  Plaintiff's Complaint fails to even identify the "when, where, what and how" that is typical in any complaint and which would give adequate notice to Territorial Defendants.  As shown in Plaintiff's Complaint, he is attempting to improperly use the Golden Grove Litigation to catapult this case, without alleging any particularized injury to himself.

---

[1] The docket report indicates that Plaintiff filed an Amended Complaint.  Since it was filed in violation of the relevant Federal Rules of Civil Procedure, Territorial Defendants will not address the same.

Territorial Defendants herein move the Court for dismissal of the Complaint for failure to exhaust administrative remedies prior to filing suit, failure to allege actual injury, and failure to state a claim for relief.

## II.   STANDARD OF REVIEW

When considering a Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim, courts analyze the motion under the same legal standards that apply to a motion to dismiss for failure to state a claim under Rule 12(b)(6).  *Revell v. Port Auth. of N.Y. & N.J.,* 598 F.3d 128, 134 (3d Cir. 2010) (citing *Turbe v. Gov't of the V.I.,* 938 F.2d 427, 428 (3d Cir. 1991)); *see also Spruill v. Gillis,* 372 F.3d 218, 223 (3d Cir. 2004) ("There is no material difference in the applicable legal standards.").  Under the Supreme Court decisions in *Bell Atlantic v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), when presented with a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), "[a] district court may grant the motion to dismiss only if, accepting all factual allegations as true and construing the complaint in the light most favorable to plaintiff, it determines that plaintiff is not entitled to relief under any reasonable reading of the complaint."  *Id.*; *Acosta,* 53 V.I. at 771 (citing *Capogrosso v. Supreme Court of N.J.,* 588 F.3d 180, 184 (3d Cir. 2009) (internal quotations and brackets omitted)).

## III.   ARGUMENT

### a.  PLAINTIFF HAS FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") provides an exclusive administrative remedy to incarcerated persons who bring civil actions against a government entity or employee.

Title 42 of the United States Code, Section 1997e, provides in pertinent part that::

    (a)  Applicability of administrative remedies

    No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

    (b)  Failure of State to adopt or adhere to administrative grievance procedure

    The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title.

    (c)  Dismissal

    (1)  The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

    (2)  In the event that a claim is, on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, the court may dismiss the underlying claim without first requiring the exhaustion of administrative remedies.

42 U.S.C.A. § 1997e.

    The statutory exhaustion requirement under Section 1997e applies to all inmate suits about prison life.  *Lopez v. Cate*, No. 1:10-CV-01773-AWI, 2015 WL 1293450, at *3 (E.D. Cal. Mar. 23, 2015) (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (quotation marks omitted)). To define "prison conditions," courts have utilized the definition of "a civil action with respect to prison conditions" set forth in 18 U.S.C. § 3626(g).  The statute defines a conditions suit as follows:  "Any civil proceeding arising under Federal law with respect to the conditions of

confinement or the effects of actions by government officials on the lives of persons confined in prison." 18 U.S.C. § 3626(g).

The exhaustion requirement applies, regardless of the relief sought by the prisoner or the relief offered by the process. *Booth v. Churner,* 532 U.S. 731, 741 (2001). It is well settled that under this statute, the proper exhaustion of available administration while not jurisdictional, is a mandatory pre-condition to the filing of an action in federal court challenging prison conditions. *Woodford v.* Ngo, 126 S.Ct. 2378, 2382-83 (2006). Indeed, unexhausted claims under Section 1983 or other Federal law may not be brought to court. *Lopez*, 2015 WL 1293450, at *2 (E.D. Cal. Mar. 23, 2011) (citing *Jones v. Bock,* 549 U.S. 199, 211 (2007)).

Moreover, exhaustion require applies as to each Territorial Defendant. *See Spruill v. Gillis*, 372 F.3d 218, 234 (3d Cir. 2004) (discussing that failure to name a particular defendant was a procedural defect under PLRA); *see also, Curry v. Scott*, 249 F.3d 493, 504 (6th Cir. 2001); *accord Ellison v. California Dept. of Corrections*, 2003 WL 21209659, at *2 (N.D.Cal. May 19, 2003)(dismissing argument that plaintiff need not exhaust with respect to each defendant).

Plaintiff's Complaint unquestionably, concerns the conditions of his confinement, however he has not averred compliance with the exhaustion requirement. Accordingly, the Court should dismiss the Complaint.

### b.  PLAINTIFF LACKS STANDING

The Supreme Court summarized the history and parameters of those requirements in *Raines v. Byrd,* 521 U.S. 811 (1997). The standing inquiry in most cases is two-tiered, involving "both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Warth v. Seldin,* 422 U.S. 490, 498 (1975). First, a plaintiff *must* satisfy the

"case" or "controversy" requirement by demonstrating: An "injury in fact"—an invasion of a judicially cognizable interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; second, there be a causal connection between the injury and the conduct complained of—the injury has to be "fairly trace[able] to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992).

Plaintiff's Complaint is entirely speculative and does not allege an instance in which Plaintiff's has been actually injured. The entire Complaint relies on the Golden Grove Litigation, reports and filings generated in that matter - and newspaper articles. *See, e.g.,* Compl. Ex. 2 (Monitor's Report in Golden Grove Litigation); Ex. 7 (Virgin Islands Daily News Article), Ex. 8 (Filing in Golden Grove Litigation), Ex. 9 (Fourth Compliance Monitoring Report), Ex. 10 (Fifth Compliance Monitoring Report; Ex. 11 (St. Croix Source News Article); Ex. 12 (St. Thomas Source News Article); Ex. 13 (Virgin Islands Daily News Article); Ex. 14 (National Weather Service Article); Ex. 15 (Centers for Disease Control and Prevention Article); and Ex. 16 (Incident Reports not specific to Plaintiff). Because the Complaint fails to allege an injury in fact it must be dismissed.

### c.   PLAINTIFF'S FAIL TO ALLEGE ACTUAL INJURY IN FACT WITH RESPECT TO ALL OF HIS SECTION 1983 CLAIMS.

Actual injury is a prerequisite to any claim under Section 1983. *See McCrauy v. Williams,* 357 F. Supp. 2d 774, 780 (D. De 2005) (stating that actual injury is a prerequisite to any claim under Section 1983); *see also Lewis v. Casey*, 518 U.S. 343, 349-51 (1996) (holding that merely being subject to a governmental institution that was not organized or managed

properly does not give rise to a constitutional violation).  In this matter, Plaintiff does not allege

that he suffered any actual injury.  Rather, Plaintiff merely concludes that he is exposed to an

unreasonable risk of harm.  *See, e.g.,* Compl. ¶¶ 384, 405, & 417 ("There was a substantial risk

of serious harm to Plaintiff—namely that Plaintiff **would** be attacked by another inmate or

guard) (emphasis added).  Indeed, Plaintiff's Complaint is entirely conclusory without setting

forth specific facts of any alleged harm.

### d.  PLAINTIFF'S COUNTS 1, 3, 4, 18, 19 FAIL TO DEMONSTRATE DENIAL OF ADEQUATE MEDICAL CARE AND PROTECTION FROM SUICIDAL ACTION

The Eighth Amendment proscription against cruel and unusual punishment requires that

prison officials provide inmates with *adequate medical care*.  *Estelle v. Gamble*, 429 U.S. 97,

103-04 (1976) (emphasis added).  To set forth a cognizable claim for a violation of Plaintiff's

right to adequate medical care, he must allege: (1) a serious medical need; and (2) behavior on

the part of the prison officials that constitutes deliberate indifference to that need.  *Estelle,* 429

U.S. at 106; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong, Plaintiff must demonstrate that his medical needs are serious.

"[S]ociety does not expect that prisoners, [like Plaintiff], will have unqualified access to health

care."  *Hudson v. Mcmillian*, 503 U.S. 1, 9 (1992).  Thus, "deliberate indifference to medical

needs amounts to an Eighth Amendment violation only if those needs are 'serious."  *Id.*  The

Third Circuit Court of Appeals has defined a serious medical need as: (1) one that has been

diagnosed by a physician as requiring treatment; (2) one that is so obvious that a lay person

would recognize the necessity for a doctor's attention; or (3) one for which "the denial of

treatment would result in the unnecessary and wanton inflict of pain or a life-long handicap or

permanent loss.  *Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003).

The second prong requires Plaintiff to show that Territorial Defendants acted with deliberate indifference to his serious medical need. *Natale*, 318 F.3d at 582. Deliberate indifference is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994); *Horne v. United States*, 223 F. App'x 154 (3d Cir. 2007). Deliberate indifference is shown where "knowledge of the need for medical care [is accompanied by the] . . . intentional refusal to provide that care." *Monmouth County Correctional Institution Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). A prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. *Andrews v. Camden County*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000); *Peterson v. Davis*, 551 F. Supp. 137, 145 (D.Md. 1982), *aff'd*, 729 F.2d 1453 (4th Cir. 1984).

The Third Circuit Court of Appeals has found "deliberate indifference" in a variety of circumstances, including where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999). A showing of intent to cause harm is integral to making a case for deliberately indifferent medical care. *Horne*, 223 F. App'x at 154. "[A] court will generally not find deliberate indifference *when some level of medical care has been offered to the inmate*." *Brown v. Monmouth County Sheriff's Dept. Corr. & Med. Dept.*, 2005 U.S. Dist. LEXIS 45050 (D.N.J. 2005) (citing, *Christy v. Robinson*, 216 F. Supp. 2d 398, 413-14) (D.N.J. 2002) (emphasis added). The deliberate indifference standard presents a "high threshold" for a plaintiff to overcome. *Estelle*, 429 U.S. at 106.

Plaintiff has no cause of action against Territorial Defendants because they were not deliberately indifferent to his medical needs.  Plaintiff's Complaint has not set forth any instances whereby Territorial Defendants intentionally refused to provide him with adequate medical care, delayed necessary medical treatment or prevented him from receiving needed or recommended medical treatment.  Plaintiff, like many Americans who are not incarcerated, is merely dissatisfied with the health care provided.

With respect to Plaintiff's claims related to failure to protect from suicidal action, he has not even alleged that he has attempted suicide or self-inflicted harm.  Plaintiff merely recalls his alleged suicidal vulnerability that dates back eight years ago—2007, which did not occur at GGACF.  Plaintiff's allegations are lacking in light of the high threshold necessary for showing deliberate indifference.

### e.  PLAINTIFF'S COUNTS 2, 5, 7, 10, 12, 15, 17, AND 20 FAIL TO STATE A CLAIM UNDER SECTION 1983.

In addition to failing to allege actual injury for Section 1983 claims, Counts 2, 5, 7, 10, 12, 15, 17 and 20 which presumably allege *respondeat superior* liability against Diane Prosper must be dismissed for failure to state a claim for relief.  To establish personal liability against an individual defendant in a §1983 action, that defendant must have personal involvement in the alleged wrong; the liability cannot be predicated solely on the operation of *respondeat superior*. *Baraka v McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *Evancho v. Fisher*, 423 F. 3d 347, 353 (3d Cir. 2005); *see Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988) (to hold a public employee liable in a civil rights action, a plaintiff must demonstrate that the defendant had direct personal involvement in the alleged wrongs.); *cf. Amato v. Saratoga Springs*, 972 F. Supp. 120, 126 (N.D.N.U. 1997) (an official may not be held liable simply because he holds a position of authority).  Indeed, the Third Circuit has noted: "Section 1983 creates a cause of action based

upon personal liability predicated upon fault.   An individual cannot be held liable unless he caused or participated in an alleged constitutional deprivation."   *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also, Hedges v. Musco*, 240 F.3d 109 (3d Cir. 2000).

Through the Complaint, Plaintiff fails to recite even a single instance in which Territorial Defendant Diane Prosper was personally involved in any of the alleged wrongs.   Plaintiff's claims against Territorial Defendant Diane Prosper are merely predicated solely on the operation of *respondeat superior*.   Accordingly, Plaintiff's Complaint must be dismissed as to Counts 2, 5, 7, 10, 12, 15, 17, and 20.

### f.   COUNT 21 FAILS TO STATE A CLAIM FOR RELIEF

The Americans with Disabilities Act ("ADA") states in pertinent part:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132.   The purpose and effect of the ADA is to extend the anti-discrimination policy of the Rehabilitation Act of 1973 to "all services, programs, and activities provided or made available by [public entities], regardless of the receipt of Federal financial assistance." *See* 28 C.F.R.App. A § 35.102 (1995).   Plaintiff's Complaint fails to identify GGACF's programs, services or activities that he was excluded from participating in, or specific programs required under the ADA that lacking at GGACF.   In addition, Plaintiff has not alleged any facts that demonstrate discrimination.   Plaintiff's Complaint, therefore, must be dismissed.

### g.   COUNT 22 FAILS TO STATE A CLAIM FOR RELIEF

Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, provides in pertinent part:

> No otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

29 U.S.C. § 794.  To prove a violation under the Rehabilitation Act, Plaintiff must demonstrate that: (1) he is a handicapped person under the Act; (2) that he is otherwise qualified' (3) that the relevant program receives federal financial assistance and (4) that the defendants' refusal to provide the relevant program impermissibly discriminates against him on the basis of his physical handicaps.  *See generally, Duffy v. Riveland*, 98 F.3d 447 (9th Cir. 1996).

Again, Plaintiff's Complaint fails to identify GGACF's programs, services or activities that he was excluded from participating in.  In addition, Plaintiff has not alleged any facts that demonstrate the alleged discrimination.  Plaintiff's Complaint, therefore, must be dismissed.

## IV.   CONCLUSION

Plaintiff's Complaint must be dismissed because he failed to exhaust his administrative remedies, fails to allege injury in fact, and otherwise fails to state a claim for which relief may be granted.  The Court, therefore, should dismiss is Complaint.

Respectfully submitted,

**TERRI GRIFFITHS, ESQ.
ACTING ATTORNEY GENERAL**

March 27, 2015               **BY:**      /s/ *Shari N. D'Andrade*_____
**SHARI N. D'ANDRADE, ESQ.
ASSISTANT ATTORNEY GENERAL**
V.I. Bar. No. 1221
V.I. Department of Justice
Office of the Attorney General
6040 Estate Castle Coakley
Christiansted, VI 00820
Telephone: (340) 773-0295
Fax: (340) 773-1425
Email: sdandrade@doj.vi.gov

*Ronald E. Gillette v. Diane Prosper, et al.*                                   Civ. No. 1:14-cv-110
Territorial Defendants' Motion for Judgment on the Pleadings                      Page 12

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 27th day of March, 2015, I electronically filed the foregoing

**Defendants Diane Prosper, as Warden of Golden Grove Adult Correctional Facility and**

**individually, Julius Wilson, as Director of the Bureau of Corrections, and Territory of the**

**Virgin Islands' Motion for Judgment on the Pleadings** with the Clerk of the Court using the

CM/ECF system, which will send notification of such filing (NEF) to the following:

Joseph A. DiRuzzo, III
Fuerst Ittleman David & Joseph, PL
1001 Brickell Bay, 32nd Floor
Miami, FL 33131
Telephone: (305) 350-5690
Fax: (305) 371-8989
jdiruzzo@fuerstlaw.com                                     */s/ Shari N. D'Andrade*