# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

|  |  |
|---|---|
| **RONALD E. GILLETTE,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**DIANE PROSPER, Warden of the Golden** )<br>**Grove Adult Correctional Facility, in her** )<br>**individual and official capacities; JULIUS** )<br>**WILSON, Director of the Virgin Islands** )<br>**Bureau of Corrections, in his individual and** )<br>**official capacities; TERRITORY OF THE** )<br>**VIRGIN ISLANDS; and ERIC HOLDER, in** )<br>**his individual capacity and in his official** )<br>**official capacity as the Attorney General of** )<br>**the United States of America,** )<br>)<br>**Defendants.** )<br>_____) | **Civil Action No. 2014-0110** |

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Fort Lauderdale, FL
    *For Plaintiff*

**Shari N. D'Andrade, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER is before the Court on a Report and Recommendation ("R&R") issued by Magistrate Judge George W. Cannon, Jr. (Dkt. No. 61), pursuant to an Order (Dkt. No. 60) referring a series of motions in this matter for the same. In his R&R, the Magistrate Judge recommends that this Court grant Defendants' Motion for Judgment on the Pleadings (Dkt. No. 27) and deny as moot Plaintiff's Motion for Preliminary Injunction (Dkt. No. 14), Plaintiff's Motion to File an Over-Length Brief (Dkt. No. 15), Plaintiff's Motion to Strike Affirmative

Defenses (Dkt. No. 23), and Plaintiff's Motions to Take Judicial Notice (Dkt. Nos. 20; 40; 48). For the reasons that follow, the Court will adopt the Magistrate Judge's R&R, as modified herein.

## I. BACKGROUND

Plaintiff Ronald Gillette ("Plaintiff") was indicted on two counts of failing to register as a sex offender, in violation of federal law, and twenty-eight sex offense-related counts, in violation of Virgin Islands law. Plaintiff was convicted of multiple counts of aggravated rape and unlawful sexual contact under Virgin Islands law,[1] and subsequently was sentenced. He timely appealed and the Third Circuit affirmed Plaintiff's judgment and sentence. *United States v. Gillette*, 738 F.3d 63, 67 (3d Cir. 2013), *cert. denied sub nom Gillette v. United States*, 572 U.S. 1157 (2014).

On December 16, 2014, Plaintiff initiated this action by filing the instant Complaint challenging his conditions of confinement at the Golden Grove Prison on St. Croix ("Golden Grove"). (Dkt. No. 1). The Complaint sets out twenty-two claims pursuant to the Eighth Amendment, 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. *Id.* at ¶ 8. Defendants named in the body of the Complaint are Diane Prosper ("Prosper"), Warden at Golden Grove, Julius Wilson ("Wilson"), Director of the Virgin Islands Bureau of Corrections, the Territory of the Virgin Islands, and Eric Holder, the Attorney General of the United States.[2] Plaintiff requests that the Court:

> (1) issue an Order declaring that the conditions at Golden Grove violate the Eighth Amendment of the United States Constitution and 48 U.S.C. § 1561; (2) grant injunctive relief ordering Plaintiff be discharged from the detention and restraint at Golden Grove; or (3) in the alternative, order that the Defendants transfer the

---

[1] The federal counts were dismissed by the Court at the close of the prosecution's case.

[2] Defendant Eric Holder was identified as a Defendant in various *Bivens* claims set forth in Counts 4, 5, 9, 10, 19 and 20. (Dkt. No. 1). Plaintiff voluntarily dismissed Defendant Holder from the case in April 2015. (Dkt No. 32).

> Plaintiff to another facility that comports with the Eighth Amendment of the United States Constitution and 48 U.S.C. § 1561; and (4) grant such other and further relief as this Court should deem reasonable and just.

*See, e.g., id.* at 48, 55, 64, 72, 84. In addition, Plaintiff seeks compensatory damages from Defendants Prosper and Wilson acting in their individual capacities for their alleged "intentional violation of Plaintiff's constitutional and statutory rights." *See, e.g., id.* at 50-51, 66, 73. 81.

Plaintiff alleges that Defendants violated his civil rights while he was incarcerated at Golden Grove. Specifically, Plaintiff alleges that he "has yet to receive medical treatment in connection with the physical and mental issues that [a] prior [brain] injury has posed," and he has not been "placed in an institution where he receives a full medical, psychiatric and neurological evaluation in order to assess brain functioning . . . ." *Id.* at ¶¶ 52, 58. Plaintiff also alleges that Defendants failed to protect him from "a substantial risk that Plaintiff would be attacked by another inmate or guard," *id.* at ¶ 384; violated his Eighth Amendment and statutory rights because Defendants failed to adequately train their employees, *id.* at ¶ 440; failed to protect him from his increased risk of suicidal ideation, *id.* at ¶¶ 60, 494; and discriminated against him by excluding him from "services, programs, or activities" and not accommodating his "heat-sensitive disabilities," *id.* at ¶¶ 543, 545.

The Magistrate Judge addressed a series of motions: Defendants' Motion for Judgment on the Pleadings (Dkt. No. 27); Plaintiff's Motion for Preliminary Injunction (Dkt. No. 14); Plaintiff's Motion to File an Over-Length Brief (Dkt. No. 15); Plaintiff's Motion to Strike Affirmative Defenses (Dkt. No. 23); and Plaintiff's Motions to Take Judicial Notice (Dkt. Nos. 20; 40; 48). In his R&R, the Magistrate Judge found that Plaintiff did not demonstrate that he exhausted his administrative remedies pursuant to 42 U.S.C. § 1997e(a) (Dkt. No. 61 at 7-8). Although Plaintiff argued that the exhaustion requirement did not apply because of the lack of a mechanism at Golden Grove by which to file a complaint, the Magistrate Judge determined that this assertion was

inconsistent with other allegations in the Complaint where Plaintiff referenced complaint forms made available to inmates by unit officers. (Dkt. Nos. 1 at ¶¶ 150-154; 61 at 8). Consequently, the Magistrate Judge concluded that a process—albeit not perfect—existed, but Plaintiff failed to allege any attempt to engage in that process. (Dkt. No. 61 at 8-9).

The Magistrate Judge also determined that Plaintiff failed to state a claim upon which relief can be granted on any count in that he did not plead sufficient facts to support his claims. *Id.* at 12, 13, 16, 18, 19, 21. The Magistrate Judge determined that in the Counts where Plaintiff claimed that Defendants were deliberately indifferent to his medical needs (Counts 1-5), Plaintiff failed to identify what serious medical needs he had was denied, when and who denied him medical treatment, or allege the harm he suffered due to the denial of medical treatment. *Id.* at 9-12. With respect to his claims that Defendants acted with deliberate indifference in failing to protect him from a substantial risk of harm from attacks by other inmates or prison officers (Counts 6-10), the Magistrate Judge found that Plaintiff failed to allege facts showing any acts of violence that occurred at Golden Grove; that he was a victim of violence or witnessed any incidents of violence; or that he was in imminent risk of physical harm. *Id.* at 12-13. Accordingly, the Magistrate Judge recommends that the Court grant Defendants' Motion for Judgment on the Pleadings and deny as moot the remaining Motions. *Id.* at 21.

On July 30, 2018, Plaintiff filed, *pro se*, an Objection to the Magistrate Judge's R&R, despite acknowledging his continued representation by counsel. (*See* Dkt. No. 64 at 3).[3] Plaintiff

---

[3] Although Plaintiff has been represented by counsel in this case, he persists in filing *pro se* motions on his own behalf. The Constitution does not confer a right to proceed simultaneously by counsel and *pro se*, and the District Court is not obligated to consider *pro se* motions in light of Plaintiff's appointed counsel. *McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984) (finding no constitutional right to hybrid representation); *see also United States v. D'Amario*, 268 F. App'x 179, 180 (3d Cir. 2008) (rejecting *pro se* post-trial pleadings at same time counsel represented defendant); *United States v. Titley*, 2017 WL 3219482, at *1 (D.V.I. July 28, 2017) (same). The Court will address

notes that he is not presently imprisoned at Golden Grove. *Id.* at 2-3. He contends that "administrative remedies were exhausted when 'Attorney DiRuzzo' filed a (combined packet with this Court)." *Id.* at 14. The majority of his filing is dedicated to asserting factual claims which were not alleged in the Complaint, including a series of new medical claims regarding his treatment at Golden Grove and other facilities. *Id.* at 4-8. He also makes new allegations of abuse at the hands of prison officials which are unrelated to the allegations in the Complaint. *Id.* at 9-12. Finally, he claims for the first time that he witnessed violence while at Golden Grove and was the victim of violence at some unspecified point. *Id.* at 12-14.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Review of Magistrate Judge's R&R

Parties may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). Where the party fails to file timely objections, there is no statutory requirement that the district court review the R&R before accepting it. *Anderson v. United States*, 2019 WL 1125816, at *1 n.1 (M.D. Pa. Mar. 12, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). The Third Circuit has determined, however, that as a matter of good

---

this filing; however, Plaintiff is advised to discontinue this practice of submitting *pro se* filings while represented by counsel.

practice, district courts should "afford some level of review to dispositive legal issues" raised in an R&R under a plain error standard. *Nara v. Frank*, 488 F.3d 187, 196 (3d Cir. 2007), *as amended* (June 12, 2007) ("[P]lain error review is appropriate where a party fails to timely object to a magistrate judge's R&R."); *see also Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While . . . [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006), *aff'd*, 276 F. App'x 125 (3d Cir. 2008) (explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error'"). A plain error review involves a determination as to whether the R&R contains any "clear" or "obvious" error affecting the plaintiff's "substantial rights." *United States v. Olano*, 507 U.S. 725, 734 (1993) (explaining that to meet the definition of a "plain error," an error must have been both "obvious" and "prejudicial" in that it "affected the outcome of the district court proceedings").

  **B.**  **Mootness Doctrine**

Article III of the Constitution provides that federal judicial power extends to cases and controversies. *See* U.S. Const. art III, § 2, cl. 1. The mootness doctrine precludes federal courts from issuing advisory opinions by requiring that an actual controversy exists between adverse litigants. *See, e.g., Blanciak v. Allegheny Ludlum Corp.,* 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in

6

the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

A justiciable case or controversy requires that a party have a continuing, personal interest in the outcome of the litigation. *See, e.g., Freedom from Religion Found. Inc v. New Kensington Arnold Sch. Dist.,* 832 F.3d 469, 476 (3d Cir. 2016) ("[M]ootness ensures that this [requisite personal] interest 'continues throughout' the duration of the case." (citing *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 n.22 (1997)). In addition, when events subsequent to the filing of a case mean that the decision of the federal court will not have any effect in the matter before it, the case must be dismissed as moot. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 11 (1992) ("[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed.'" (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895))).

Subject matter jurisdiction refers to the Court's power to hear a case. *Cty. of Morris v. Nationalist Movement,* 273 F.3d 527, 533 (3d Cir. 2001). Pursuant to Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Because a suit must be justiciable throughout its pendency, a mootness challenge to subject matter jurisdiction may arise at any time. *See Brown v. Phila. Hous. Auth.,* 350 F.3d 338, 346-47 (3d Cir. 2003); *Williams v. Sec'y Penn. Dep't of Corr.,* 447 F. App'x 399, 402 (3d Cir. 2011). A case is moot if "(1) it can be said with assurance that there is no reasonable expectation . . . that the alleged violation will recur, . . . and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Phillips v. Penn. Higher Educ. Assistance Agency,* 657 F.2d 554, 569 (3d Cir. 1981), *cert. denied* 455 U.S. 924 (1982) (citations omitted).

7

### III. DISCUSSION

In his Complaint, Plaintiff seeks injunctive and monetary relief for alleged violations of his rights under the Eighth Amendment, Section 1983, *Bivens*, the ADA and the Rehabilitation Act. However, because Plaintiff is no longer imprisoned at Golden Grove, there is no longer an actual case or controversy present with regard to the claims for injunctive relief. Thus, the Court will adopt the Magistrate Judge's findings in the R&R that Plaintiff's claims for which he sought injunctive relief are moot. Further, because Plaintiff's Objection does not address his claims for compensatory damages, the Court reviews the Magistrate Judge's R&R on the Section 1983 claims for plain error, *Carlson*, 812 F.2d at 878, and finds that no such error was committed. With respect to Plaintiff's ADA and Rehabilitation Act claims, the Court affirms the Magistrate Judge's result, but for alternative reasons. Finally, because the R&R does not address the *Bivens* claims, the Court reviews these claims *de novo* and finds that they cannot stand. Accordingly, the Court will adopt the R&R, as modified, in addressing the *Bivens*, ADA, and Rehabilitation Act claims, and will grant Defendants' Motion for Judgment on the Pleadings.

#### A. Claims for Injunctive Relief

In various counts in the Complaint, Plaintiff asserts claims against Defendants Prosper and Wilson—in their official capacities—and the Government of the United States Virgin Islands under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs, failed to protect him from the threat of violence by others within the prison, failed to adequately train their staff, and failed to provide adequate suicide prevention for him. (Counts 1, 2, 6, 7, 11, 12, 16, 17). The relief that he requests in these claims is declaratory relief that the conditions at Golden Grove violate the Eighth Amendment and injunctive relief ordering his discharge from Golden Grove or his transfer to another prison facility that complies with the Eighth

Amendment. Plaintiff also seeks the same declaratory and injunctive relief against Defendants based upon his claims under the ADA and Section 504 of the Rehabilitation Act. (Counts 21-22).

It is well established that where a plaintiff seeks injunctive relief against prison officials to whose control he is no longer subject, or against a prison in which he is no longer housed, there is no longer a live controversy and a court cannot grant such relief. *See Abdul-Akbar v. Watson,* 4 F.3d 195, 206 (3d Cir. 1993) (holding that when prisoner was released from maximum supervision unit, "the district court could not provide [the prisoner] with meaningful relief by entering an injunctive order respecting the [maximum security unit] in which [the prisoner] no longer was incarcerated"); *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) (holding that the prisoner's transfer meant that he "lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he attempts to challenge"); *Hennis v. Varner*, 544 F. App'x 43, 45 (3d Cir. 2013) (request for injunctive relief for loss of prison job became moot upon transfer to another prison).

The Court finds that Plaintiff's claims for injunctive relief must be deemed moot because of his transfer from Golden Grove in 2016.[4] Plaintiff seeks injunctive relief in his Complaint, but there is presently no party to the suit that the Court may order to grant Plaintiff the relief that he seeks. Further, Plaintiff's transfer from Golden Grove means that he is no longer subject to the conditions of confinement he sought to challenge when he filed the Complaint. *See Abdul-Akbar*, 4 F.3d at 206. The Third Circuit has stated that "[a]n inmate's transfer from the facility complained

---

[4] Plaintiff contends in his Objection that the Magistrate Judge's assertion that he has been housed at Core Civic Tallahatchie County Correctional Facility in Mississippi since his transfer from Golden Grove is incorrect because he was housed for two years at Core Civic Saguaro Correctional Center in Arizona before being moved to Mississippi. (Dkt. No. 64 at 2-3). The exact location of his transfer does not negate the fact that he is no longer imprisoned at Golden Grove and has not been housed there since 2016.

of generally moots the equitable and declaratory claims . . . [b]ut these claims are not mooted when a challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again." *Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (internal citations omitted). Because the exception to the general rule of mootness does not apply, the Court lacks jurisdiction to decide Plaintiff's claims for injunctive relief. Accordingly, based on the Court's *de novo* review, the Court will adopt the Magistrate Judge's findings that Plaintiffs' claims for injunctive relief are moot.

### B. Claims for Monetary Damages

In his Objection, Plaintiff does not contest any of the Magistrate Judge's findings regarding his recommendation to find that Plaintiff failed to "allege[] facts connect[ing] Prosper or Wilson to specific acts or omissions in relation to Gillette." (*See* Dkt. No. 61 at 20). In fact, Plaintiff's Objection does not address Prosper or Wilson at all. The Court therefore reviews the Magistrate Judge's R&R on the claims for monetary damages under Section 1983 for "plain error." *See Tice*, 425 F. Supp. 2d at 680, *aff'd*, 276 F. App'x 125 (court reviewed for "plain error" where plaintiff failed to file objection to a portion of the magistrate judge's report and recommendation).

In his Complaint, Plaintiff alleges that Defendants Prosper and Wilson violated his civil rights under 42 U.S.C. § 1983 by failing to provide him with adequate care while he was incarcerated at Golden Grove. Counts 2, 7, 12, and 17 assert claims for money damages against Prosper and Wilson, in their individual capacities, for allegedly causing various harms to Plaintiff. (*See* Dkt. No. 1 at 49, 59, 68, 75).

A civil rights action brought under § 1983 requires (1) that the conduct complained of was committed by a person acting under color of state or territorial law; and (2) that this conduct

10

deprived a person of rights, privileges, or immunities secured by the U.S. Constitution and laws. *See* 42 U.S.C. § 1983; *Lepre v. Lukus*, 602 F. App'x 864, 869 (3d Cir. 2015) (citing *Kost v. Kozakiewicz*, 1 F.3d 176, 184 (3d Cir. 1993)). However, as the Magistrate Judge found, Plaintiff makes no allegation of specific conduct involving either of the named Defendants. (*See* Dkt. No. 61 at 19). Although Plaintiff alleges, for example, that they were "deliberately indifferent" to Plaintiff's medical condition, there is no specific allegation of knowledge of Plaintiff's condition by Prosper and Wilson or what actions they took which demonstrated indifference. Further, there is no showing of causality between acts or omissions on the part of Prosper or Wilson and the harm Plaintiff allegedly suffered.

For these reasons, the Court finds that the Magistrate Judge did not plainly err in determining that Plaintiff failed to provide sufficient factual allegations from which to find that Prosper or Wilson may be liable for any alleged wrongdoing. Accordingly, the Court will adopt the recommendation in the R&R to dismiss Counts 2, 7, 12, and 17 for failure to state a claim upon which relief may be granted insofar as they assert § 1983 claims for monetary damages against Defendants Prosper and Wilson.[5]

### C. *Bivens* Claims

Plaintiff also asserts claims against Defendants for both injunctive relief and/or compensatory relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (Counts 3, 4, 5, 8, 9, 10, 13, 14, 15, 18, 19, 20). Plaintiff asserts in Counts 5, 10, 15, and 20 that he is entitled to injunctive relief and owed compensatory damages under *Bivens* for the harms he allegedly suffered because Prosper and Wilson—Territorial officials—and the Government of the Virgin Islands allegedly violated his rights while "acting under color of the

---

[5] The same result would obtain if the claims were reviewed *de novo.*

law." (Dkt. No. 1 at ¶¶ 366, 367, 426, 427, 480, 481, 532, 533). The Magistrate Judge's R&R does not specifically address the *Bivens* claims; thus, *de novo* review is appropriate.

In order to bring a *Bivens* cause of action, a defendant must have been a federal official acting under color of federal law, and his or her conduct must have violated the U.S. Constitution. *Martinez v. Francois*, 2015 WL 1283371, at *6 (D.V.I. Mar. 17, 2015) (citing *Schreane v. Seana*, 506 F. App'x 120, 123 (3d Cir. 2012)). Thus, a *Bivens* cause of action is not appropriate—as here—for a claim for relief against Territorial actors. *Int'l Islamic Cmty. of Masjid Baytulkhaliq, Inc. v. United States*, 981 F. Supp. 352, 372 (D.V.I. 1997) (stating that "[s]ince a remedy already exists under 42 U.S.C. § 1983 for plaintiffs making claims against officials acting under the authority of state or territorial law, a *Bivens* action is not appropriate against the territorial defendants"). Because Defendants are not federal officials who were alleged to be acting under color of federal law, Plaintiff's *Bivens* claims are not colorable. Thus, based on a *de novo* review, the Court finds that Petitioner's claims for compensatory damages and injunctive relief against Defendants cannot be brought pursuant to *Bivens*.

Accordingly, the Court will modify the Magistrate Judge's Report and Recommendation to find that Plaintiff has failed to state a claim upon which relief can be granted, as it pertains to the claims brought under *Bivens* for compensatory damages and injunctive relief against Defendants Prosper and Wilson.[6]

---

[6] In view of the Court's conclusion that Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's various motions—*i.e.,* the Motion for Preliminary Injunction; Motion to File an Over-Length Brief; Motions to Take Judicial Notice; and Motion to Strike Affirmative Defenses—will be denied as moot.

### D.   ADA/Rehabilitation Act Claims

In Counts 21 and 22 of his Complaint, Plaintiff asserts claims under the ADA, 42 U.S.C. § 12131 *et seq.* and § 504 of the Rehabilitation Act of 1975, seeking declaratory and injunctive relief. The Magistrate Judge's R&R concludes that Plaintiff failed to allege sufficient facts to support these claims. This Court finds, however, that the viability of those claims is more appropriately addressed under the doctrine of mootness.

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. In order to state a claim for relief under Title II of the ADA, a plaintiff must allege that: "(1) he . . . is a qualified individual with a disability within the meaning of the statute; (2) he . . . is being excluded from participation in, or [is] being denied the benefits of the services, programs, or activities of a covered entity, or [is] otherwise being discriminated against by the entity; and (3) such exclusion, denial of benefits, or discrimination is due to the plaintiff's disability." *See Alja-Iz v. Virgin Islands Police Dept.*, 2014 WL 12811401, at *3 (D.V.I. Oct. 15, 2014) (citing *Cornell Cos. v. Borough of New Morgan*, 512 F. Supp. 2d 238, 262 (E.D. Pa. 2007)).

Because Plaintiff seeks declaratory and injunctive relief against Defendants under the ADA and § 504, his transfer out of the Golden Grove facility mooted such claims. *See K..K. ex rel. L.K. v. Pittsburgh Pub. Schools*, 590 F. App'x 148, 154 n.4 (3rd Cir. 2014) (student's claims against school district under ADA seeking declaratory and injunctive relief mooted by student's graduation from high school); *Yeskey v. Com. Of Pa. Dept. of Corrections*, 118 F.3d 168, 174 (3d Cir. 1997) (inmate's request for injunctive relief under ADA is moot in light of his completion of prison term). Plaintiff's Rehabilitation Act claims under § 504 suffer from the same fate. *See Yeh*

13

*v. United States Bureau of Prisons*, 2019 WL 3564697, at *5 (M.D. Pa. Aug. 6, 2019) (deaf prisoner's claims under § 504 seeking injunctive relief mooted by completion of his sentence through home confinement).[7] Accordingly, based upon the same "case or controversy" requirement discussed in Section II.B. and III.A., above, Plaintiff's claims have been rendered moot and will be dismissed.

## IV. CONCLUSION

Because Plaintiff's transfer from Golden Grove has stripped this Court of jurisdiction over his claims for injunctive relief under § 1983, the ADA, and the Rehabilitation Act, those claims will be dismissed as moot. The Court adopts in part and modifies in part the Magistrate Judge's Report and Recommendation as it pertains to the request for compensatory damages against Defendants Prosper and Wilson. Specifically, the Court adopts the Magistrate Judge's finding that Plaintiff failed to state a claim upon which relief can be granted pursuant to Section 1983. Further, the Court modifies the R&R to find that Plaintiff has failed to state a claim upon which relief can be granted under *Bivens*. Thus, Defendants' Motion for Judgment on the Pleadings is granted with regard to all of his claims brought against Defendants under § 1983, *Bivens,* the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act.

In addition, in view of the Court's conclusion that Plaintiff has failed to state a claim upon which relief can be granted, the Court adopts the Magistrate Judge's R&R and finds that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 14), Motion to File an Over-Length Brief (Dkt. No.

---

[7] In addition, the majority rule is that defendants sued in their individual capacities cannot be held liable for violations of Title II of the ADA and § 504 of the Rehabilitation Act. *See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2nd Cir. 2001) (Title II permits claims against public entities, not individuals); *see also Calloway v. Boro of Glassboro Dept. of Police*, 89 F. Supp. 2d 543, 557 (D.N.J. 2000) (citing cases).

15), Motion to Strike Affirmative Defenses (Dkt. No. 23), and Motions to Take Judicial Notice (Dkt. No. 20, 40, 48) will be denied as moot.

An appropriate Order accompanies this Memorandum Opinion.

Date: September 2, 2020                _____/s/_____
                                        WILMA A. LEWIS
                                        Chief Judge