DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **RONALD E. GILLETTE,**<br><br>Plaintiff,<br><br>v.<br><br>**DIANE PROSPER, Warden of the Golden Grove Adult Correctional Facility, in her individual and official capacities; JULIUS WILSON, Director of the Virgin Islands Bureau of Corrections, in his individual and official capacities; and TERRITORY OF THE VIRGIN ISLANDS, and ERIC HOLDER, in his individual capacity and in his official capacity as the Attorney General of the United States of America,**<br><br>Defendants. | Civil Action No. 2014-0110 |

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Fort Lauderdale, FL
    *For Plaintiff*

**Shari N. D'Andrade, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION AND ORDER

**UPON CONSIDERATION** of Plaintiff's "Appeal to District Court" from Magistrate Judge Cannon's January 28, 2020 Order (Dkt No. 83) and "Appeal to District Court" from Magistrate Cannon's February 18, 2020 Order (Dkt. No. 85), and the entire record herein, the Court will sustain the Appeal challenging the sealing of medical records and deny the remaining Appeal as moot.

Plaintiff initiated this action in 2014 by filing the instant Complaint challenging his conditions of confinement at the Golden Grove Adult Correctional Facility ("Golden Grove") on St. Croix. (Dkt. No. 1). The original and Amended Complaint set out twenty-two claims pursuant to the Eighth Amendment, 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. (Dkt. No. 1 at 3; 13 at 3). Plaintiff requested that the Court:

> (1) issue an Order declaring that the conditions at Golden Grove violate the Eighth Amendment of the United States Constitution and 48 U.S.C. § 1561; (2) grant injunctive relief ordering Plaintiff be discharged from the detention and restraint at Golden Grove; or (3) in the alternative, order that the Defendants transfer the Plaintiff to another facility that comports with the Eighth Amendment of the United States Constitution and 48 U.S.C. § 1561; and (4) grant such other and further relief as this Court should deem reasonable and just.

*See, e.g.,* Dkt. No. 1 at ¶¶ 48, 55, 64, 72, 84. In addition, Plaintiff sought compensatory damages from Defendants Prosper and Wilson acting in their individual capacities for their alleged "intentional violation of Plaintiff's constitutional and statutory rights." *See, e.g., id.* at ¶¶ 50-51, 66, 73, 81.

Plaintiff appeals from the Magistrate Judge's *sua sponte* Order entered January 28, 2020, directing that Plaintiff's "Itemized Bill" and other submitted documents be filed under seal because they contain private medical information. (Dkt. Nos. 76 at 1; 83 at 1-2). In his appeal, Plaintiff asserts that he did not request that any documents be "filed under seal and waves [sic] his medical privacy." Dkt. No. 83, at 2. The sealing of Plaintiff's medical records was, of course, intended to protect his privacy. However, Plaintiff's appeal of the Magistrate Judge's sealing Order on the grounds that he desires his medical information to be "fully transparent"—together with the waiver of his privacy rights—is a clear indication that Plaintiff has no interest in the privacy of his medical records. Accordingly, the Magistrate Judge's Order (Dkt. No. 76) will be vacated and the Clerk of Court will be directed to unseal those records.

Plaintiff also appeals from the Magistrate Judge's Order entered February 18, 2020, which denied without prejudice Plaintiff's "Motion for Court Order to Immediately Transfer Petitioner . . . Back to the Sentencing Jurisdiction" (Dkt. No. 79) and which enjoined Plaintiff—who is represented by counsel—from filing any additional *pro se* submissions in this matter without prior written approval of the Court. (Dkt. No. 80).

On September 2, 2020, this Court adopted the Magistrate Judge's Report and Recommendation (Dkt. No. 61), as modified, granting Defendants' Motion for Judgment on the Pleadings and ruling on various other motions filed by Plaintiff. (Dkt. No. 86, 87). In light of the dismissal of Plaintiff's claims, this second appeal (Dkt. No. 83) is now moot and will be denied.

Accordingly, for the reasons discussed above, it is hereby

**ORDERED** that Magistrate Judge Cannon's January 28, 2020 Order (Dkt No. 76) is **VACATED**; and it is further

**ORDERED** that the Clerk of Court is directed to **UNSEAL** Plaintiff's Second Declaration (Dkt. No. 77); and it is further

**ORDERED** that Plaintiff's "Appeal to District Court" from Magistrate Judge Cannon's February 18, 2020 Order (Dkt. No. 85) is **DENIED AS MOOT.**

**SO ORDERED.**

Date:   March 31, 2021                             _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge