DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

|  |  |
|---|---|
| **RONALD E. GILLETTE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2014-0110 |
| ) | |
| **DIANE PROSPER, Warden of the Golden** ) | |
| **Grove Adult Correctional Facility, in her** ) | |
| **individual and official capacities; JULIUS** ) | |
| **WILSON, Director of the Virgin Islands** ) | |
| **Bureau of Corrections, in his individual and** ) | |
| **official capacities; and TERRITORY OF** ) | |
| **THE VIRGIN ISLANDS, and ERIC HOLDER,** ) | |
| **in his individual capacity and in his official** ) | |
| **capacity as the Attorney General of the United** ) | |
| **States of America,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Fort Lauderdale, FL
    *For Plaintiff*

**Shari N. D'Andrade, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants*

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on two motions filed by Plaintiff in this matter: Plaintiff's *pro se* "Motion . . . [to] Order[] Plaintiff Gillette's Return to the Island of St. Croix, U.S. Virgin Islands for the Purpose of Being Seen By a Cardiovascular Specialist at Governor Juan F. Luis Hospital and Medical Center" ("Motion for Return") (Dkt. No. 67) and "Motion for Court Order to Immediately Transfer the Petitioner . . . Back to the Sentencing Jurisdiction Without

Further Delay" ("Motion to Transfer") (Dkt. No. 82). For the reasons discussed below, Plaintiff's motions will be denied.

Plaintiff initiated this action in 2014 by filing the instant Complaint challenging his conditions of confinement at the Golden Grove Adult Correctional Facility ("Golden Grove") on St. Croix. (Dkt. No. 1). The original and Amended Complaint set out twenty-two claims pursuant to the Eighth Amendment, 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. (Dkt. Nos. 1 at 3; 13 at 3). Plaintiff requested that the Court:

> (1) issue an Order declaring that the conditions at Golden Grove violate the Eighth Amendment of the United States Constitution and 48 U.S.C. § 1561; (2) grant injunctive relief ordering Plaintiff be discharged from the detention and restraint at Golden Grove; or (3) in the alternative, order that the Defendants transfer the Plaintiff to another facility that comports with the Eighth Amendment of the United States Constitution and 48 U.S.C. § 1561; and (4) grant such other and further relief as this Court should deem reasonable and just.

*See, e.g.,* Dkt. No. 1 at ¶¶ 48, 55, 64, 72, 84. In addition, Plaintiff sought compensatory damages from Defendants Prosper and Wilson acting in their individual capacities for their alleged "intentional violation of Plaintiff's constitutional and statutory rights." *See, e.g., id.* at ¶¶ 50-51, 66, 73, 81.

Plaintiff's original Complaint was referred to the Magistrate Judge for a report and recommendation. (Dkt. No. 60). Thereafter, Plaintiff was transferred to various prison facilities in the continental United States. While the Magistrate Judge's R&R was pending, Plaintiff filed the Motion for Return (Dkt. No. 67) and Motion to Transfer (Dkt. No. 82). The Court subsequently adopted the Magistrate Judge's R&R (Dkt. No. 61), as modified, granting Defendants' Motion for Judgment on the Pleadings and ruling on various other motions filed by Plaintiff. (Dkt. No. 86,

2

87). Plaintiff has appealed the Court's rulings. (Dkt. No. 90). Meanwhile, the Motion to Return and Motion to Transfer remain pending before the Court.[1]

Plaintiff filed the Motion to Return and Motion to Transfer seeking an Order requiring his transfer back to the Virgin Islands due to the alleged inadequate medical treatment he is receiving in his current stateside facility. (Dkt. Nos. 67, 82).[2] However, the Due Process Clause does not give a prisoner the right to a particular housing location. *See Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983) (inmate has no constitutional right to object to his transfer from Hawaii prison to facility in California); *Ball v. Beard*, 396 F. App'x 826, 827 (3d Cir. 2010) (upholding denial of injunction seeking transfer to out-of-state prison finding such a claim was not actionable); *Crispin v. Wilson*, 2017 WL 1032514, at *4 (D.V.I. March 16, 2017) (same).

Moreover, if Plaintiff is challenging the adequacy of the medical treatment he is receiving stateside, venue would not be proper here. *See, e.g., Brisken v. Whiteing*, 2020 WL 5753967, at *5 (D. Haw. Sept. 25, 2020) (Hawaii inmate could not pursue Section 1983 claims in Hawaiian courts regarding the conditions of confinement of an Arizona prison to which he was transferred). If the

---

[1] Also pending is Plaintiff's "Motion to Expand Evidence In Support of Relief Requested," which appears to be a motion to amend the complaint to add supplemental claims pursuant to Fed. R. Civ. P. 15(d) ("Motion to Amend") (Dkt. No. 72). Because of Plaintiff's pending appeal (Dkt. No. 90), the Court has been divested of jurisdiction to address the Motion to Amend. *See Thomas v. Northeastern Univ.*, 470 F. App'x 70, 71 (3d Cir. 2012) (district court was divested of jurisdiction by appeal of order dismissing complaint and could not consider motion to amend complaint). Because the Motion to Return and the Motion to Transfer are unrelated to Plaintiffs' claims on appeal, these motions may be addressed by the Court. *See Beberman v. U.S. Department of State*, 2016 WL 3014665, at *1 n.1 (D.V.I. May 24, 2016).

[2] The Court notes that in his initial Complaint in this matter, he sought to be transferred away from Golden Grove in the Virgin Islands because of the prison conditions there. By the instant motions, he now seeks to be returned.

Plaintiff claims to be receiving inadequate medical treatment at his current place of incarceration, he may seek relief in the courts in that jurisdiction.[3]

In view of the foregoing, Plaintiff's Motion to Return and Motion to Transfer fail to state claims upon which relief can be granted.

Accordingly, for the reasons discussed above, it is hereby

**ORDERED** that Plaintiff's "Motion . . . [to] Order[] Plaintiff Gillette's Return to the Island of St. Croix, U.S. Virgin Islands for the Purpose of Being Seen By a Cardiovascular Specialist at Governor Juan F. Luis Hospital and Medical Center" (Dkt. No. 67) is **DENIED**; and it is further

**ORDERED** that Plaintiff's "Motion for Court Order to Immediately Transfer the Petitioner . . . Back to the Sentencing Jurisdiction Without Further Delay" (Dkt. No. 82) is **DENIED.**

**SO ORDERED.**

Date:   March 31, 2021                              _____/s/_____
                                                    WILMA A. LEWIS
                                                    Chief Judge

---

[3] Plaintiff's submissions reflect that he has already filed a Complaint in the Mississippi courts for conditions at the CoreCivic Tallahatchie County Correction Facility. (Dkt. No. 82 at 2). He also asserts that because of his alleged mistreatment at the CoreCivic facility, he "does not entertain" medical services at the CoreCivic institution where he is currently incarcerated.