**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

**RONALD E. GILLETTE,**

        **Plaintiff,**

  v.

**DIANE PROSPER, Warden of the Golden Grove Adult Correctional Facility; JULIUS WILSON, Director of the Virgin Islands Bureau of Corrections; TERRITORY OF THE VIRGIN ISLANDS; and ERIC HOLDER, in his official capacity as the Attorney General of the United States of America,**

        **Defendants.**

_____

1:14-cv-00110-WAL-EAH

**TO:**   Joseph A. DiRuzzo, III, Esq.
        Shari N. D'Andrade, Esq., AAG

**REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on an Order by the District Court for a Report & Recommendation ("R & R") on the "Motion to Expand Evidence" filed by Plaintiff Ronald Gillette. Dkt. No. 72. For the reasons that follow, the Court recommends that the Motion to Expand Evidence be denied as moot.

**BACKGROUND**

Gillette, represented by counsel, initiated this action in 2014 by filing a Complaint challenging his conditions of confinement at the Golden Grove Adult Correctional Facility ("Golden Grove") on St. Croix. Dkt. No. 1. The original and Amended Complaint set out twenty-two claims pursuant to the Eighth Amendment, 42 U.S.C. § 1983, *Bivens v. Six*

*Gillette v. Prosper*
1:14-cv-00110
Order
Page 2

*Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. Dkt. Nos. 1 at 3; 13 at 3. Plaintiff requested that the Court:

> [1] issue an Order declaring that the conditions at Golden Grove violate the Eighth Amendment of the United States Constitution and 48 U.S.C. § 1561; (2) grant injunctive relief ordering Plaintiff be discharged from the detention and restraint at Golden Grove; or (3) in the alternative, order that the Defendants transfer the Plaintiff to another facility that comports with the Eighth Amendment of the United States Constitution and 48 U.S.C. § 1561; and (4) grant such other and further relief as this Court should deem reasonable and just.

*See, e.g.*, Dkt. No. 1 at ¶¶ 48, 55, 64, 72, 84. Gillette also sought compensatory damages from Defendants Prosper and Wilson acting in their individual capacities for their alleged "intentional violation of Plaintiff's constitutional and statutory rights." *See, e.g., id*. at ¶¶ 50-51, 66, 73, 81.

In March 2015, the Territorial Defendants moved for judgment on the pleadings and dismissal of the complaint. Dkt. No. 27. This motion and other motions were referred to the Magistrate Judge for an R&R in April 2018. Dkt. No. 60. In May 2018, then Magistrate Judge Cannon issued an R&R in which he recommended that (1) the Territorial Defendants' Motion for Judgment on the Pleadings, Dkt. No. 27, be granted, and (2) the other motions filed by Gillette (for a preliminary injunction, to file an over-length brief, to strike affirmative

*Gillette v. Prosper*
1:14-cv-00110
Order
Page 3

defenses, and to take judicial notice) be denied as moot. Dkt. No. 61. Gillette filed Objections in July 2018. Dkt. No. 64.[1]

Gillette had been transferred to various prison facilities in the continental United States in 2016. *See* Dkt. No. 87 at 9 n.4. In August 2019, while the R&R was pending, Gillette filed a Motion for Return, in which he sought to be returned to St. Croix in order to be seen at Juan F. Luis Hospital by a cardiovascular specialist. Dkt. No. 67. This motion was dated March 16, 2019 and was filed pro se despite Gillette being represented by counsel. In this motion, Gillette asserted that he still had not received competent examinations for his neurological disorders, including at the Mississippi prison he was currently housed in, and had received only over-the-counter medications since arriving in the private prison system in March 2016; he learned he had another serious medical problem (atherosclerosis) from a 2018 CT scan; private prison physicians could not send Virgin Islands prisoners to specialists without consulting a doctor from the V.I. Bureau of Corrections; his March 2019 examination indicated that his cataracts had become worse and surgery was discussed but he would be given eyeglasses, which he had not received; and the medical department at the prison was weeks behind in seeing prisoners. *Id.* Because the private prison could not take care of him, he requested to be returned to the V.I. for medical care and treatment. *Id.* at 7.

---

[1] Plaintiff voluntarily dismissed Defendant Eric Holder, the former U.S. Attorney General, from this case in April 2015. Dkt. No. 32.

*Gillette v. Prosper*
1:14-cv-00110
Order
Page 4

In September 2019, Gillette filed, pro se, the instant "Motion to Expand Evidence in Support of Relief Requested in Case 1:14-cv-00110-WAL-GWC Dated March 17, 2019. . ." (the "Motion to Expand"). Dkt. No. 72. He attached three exhibits. The first exhibit was a letter to Gillette from the District Court Clerk's Office, dated, August 16, 2019, in which the Clerk's Office acknowledged that his Motion for Return had been filed erroneously in another of his cases, Civil 2017-0042 (because Gillette had captioned the filing *Gillette v. Warden, Golden Grove Adult Correctional Facility*, the caption of the 2017-cv-0042 case). Dkt. No. 72-2. The letter explained the Motion for Return (attached to the instant motion as a second exhibit) was refiled on August 14, 2019 in the instant case with a March 25, 2019 filing date. *Id.* In the Motion to Expand, Gillette asked the Court to review the Clerk's Office letter. Dkt. No. 72 at 1. He added that, since the misfiling of the letter in March 2019, he had been transferred to a hospital in Tennessee with eleven major medical conditions "due to the clear lack of Core Civic's Medical." *Id.* at 1-2. He was transferred in May 2019 to a Core Civic private prison, "into a contract that clearly shows a breach of contract by the Government of the Virgin Islands."[2] *Id.* at 2. In his WHEREFORE clause, Gillette asked the Court to expand the evidence in support of his Return Motion, and to order the Defendants to "file all contracts concerning all CoreCivic. . . prison facilities where medical and mental health prisoners had been transferred since March 8, 2016." *Id.*

---

[2] Gillette attached four pages of a "Contract for Professional Services between Government of the Virgin Islands and CCA of Tennessee, LLC with Citrus County, Florida," executed in 2015. Dkt. No. 72-3.

*Gillette v. Prosper*
1:14-cv-00110
Order
Page 5

In January 2020, Magistrate Judge Canon issued an Order that, inter alia, enjoined Gillette from submitting any pro se filings in the case without written approval of the Court. Dkt. No. 80; *see also* Dkt. No. 87 at 4 n.3.

In September 2020, the District Court adopted the Magistrate Judge's R&R as modified. Dkt. Nos. 86, 87. It found that most of Gillette's claims for injunctive and monetary relief for alleged violations of his rights under the Eighth Amendment, 42 U.S.C. § 1983, the ADA, and the Rehabilitation Act were moot, given that he was no longer imprisoned at Golden Grove, and that he did not state a claim under § 1983 or *Bivens*. *Id*. On September 22, 2020, Gillette filed a notice of appeal. Dkt. No. 90. The Third Circuit eventually affirmed the judgment of the District Court that granted the Defendants' motion on the pleadings in April 2021. Dkt. Nos. 109 (Mandate); 110 (Order).

In March 2021, while the appeal to the Third Circuit was pending, the District Court denied Gillette's Motion for Return, Dkt. No. 67, and a similar Motion for Transfer, Dkt. No. 82, both of which were based on allegedly inadequate medical treatment he was receiving in his current stateside facility. Dkt. No. 95. It held that the Due Process Clause did not give a prisoner a right to a particular housing location, and that if Gillette was challenging the adequacy of the medical treatment he was receiving stateside, venue in the Virgin Islands would not be appropriate. *Id*. In a footnote, the Court observed that the Motion to Expand was also pending. *Id.* at 3 n.1. Because that motion "appears to be a motion to amend the complaint to add supplemental claims pursuant to Fed. R. Civ. P. 15(d)," the Court would not

address it because of the pending appeal; however, because the Motion to Return and Motion to Transfer were unrelated to Gillette's claims on appeal, those motions could be addressed by the Court. *Id.*

Gillette filed an appeal from the denial of the Motions to Return and Transfer in April 2021, Dkt. No. 96, which the Third Circuit has not yet adjudicated.[3]

## DISCUSSION

In two places in his two-page Motion to Expand, Gillette explicitly associated that motion with his Motion for Return. Dkt. No. 72 at 1, 2. In other words, he requested that the additional "evidence" he attached to his Motion to Expand (including a copy of the Motion to Return, an April 2019 medical report, and pages from a 2015 contract between the Government of the Virgin Islands and CCA of America with Citrus County, Florida) be considered when the Court adjudicated his Motion for Return.[4] *Id.* In his view, these documents supported his request for relief, made in the Motion for Return, that he was not being provided proper medical care in the private prisons on the mainland and would receive such care in Juan Luis Hospital on St. Croix. Dkt. No. 67.

---

[3] The Docket Report shows that the Mandate and Order of the Court of Appeals in June and July 2021, respectively, referred to Dkt. No. 96. *See* Dkt. Nos. 110, 111. However, the Third Circuit's Order, Dkt. No. 110, addressed Gillette's earlier appeal from the District Court's acceptance and modification of the R&R, and affirmed the District Court's granting the motion for judgment on the pleadings and dismissing the case. Dkt. No. 90.

[4] Thus, on closer examination, the Motion to Expand merely supplemented the Motion for Return and did so explicitly; it did not seek to amend the 22-count complaint under Fed. R. of Civ. P. 15(d).

*Gillette v. Prosper*
1:14-cv-00110
Order
Page 7

However, the District Court has since adjudicated Gillette's Motion for Return on the merits. Dkt. No. 95. Gillette had argued in that motion that he should be transferred to the Virgin Islands due to the inadequate medical treatment he was receiving, and he had provided some medical records in support. *Id*. at 3. The District Court rejected that argument, stating that he had no constitutional right to prison housing in a particular location and, if he was challenging the caliber of medical treatment he was receiving on the mainland, venue in the Virgin Islands was improper and denied the motion. *Id.* at 3-4. In addition, the District Court granted the Defendants' motion for judgment on the pleadings, which has been affirmed by the Third Circuit. Dkt. Nos. 90, 109.

A motion becomes moot when an intervening event makes it impossible for a court to grant the requested relief. *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160-61 (2016); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). The District Court has already denied the Motion for Return, upon which the Motion to Expand was predicated, Dkt. No. 95, and there is no further relief that the Court can give on this matter. In addition, this case has effectively been dismissed, given that the District Court granted Defendants' motion for judgment on the pleadings which sought dismissal, and that holding has been affirmed by the Third Circuit. Dkt. Nos. 86, 87, 109, 110. As a result, the District Court would be unable to grant the relief requested

*Gillette v. Prosper*
1:14-cv-00110
Order
Page 8

in Gillette's Motion to Expand. Accordingly, the Court **RECOMMENDS** that the Motion to Expand, Dkt. No. 72, be **DENIED AS MOOT**.[5]

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice, 28 U.S.C. § 636(b)(1), and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis of such objection." LRCi 72.3. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. *See, e.g., Thomas v. Arn*, 474 U.S. 140 (1985).

The Clerk of Court shall provide a copy of this R&R to Gillette by certified mail, return receipt requested.

ENTER:

Dated: September 13, 2022

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE

---

[5] Even if the motion was not moot, the same rationale that the District Court applied when denying the Motion to Return applies to the Moton to Expand: Gillette is not entitled to a prison location of his choosing and, if he believed his current medical treatment was inadequate, he could challenge it in the district court where he is located. *See* Dkt. No. 95.