DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **RONALD E. GILLETTE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 2014-0110 |
| ) | |
| **DIANE PROSPER, Warden of the Golden** ) | |
| **Grove Adult Correctional Facility, in her** ) | |
| **individual and official capacities; JULIUS** ) | |
| **WILSON, Director of the Virgin Islands** ) | |
| **Bureau of Corrections, in his individual and** ) | |
| **official capacities; TERRITORY OF** ) | |
| **THE VIRGIN ISLANDS; and ERIC HOLDER,** ) | |
| **in his individual capacity and in his official** ) | |
| **capacity as the Attorney General of the United** ) | |
| **States of America,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**Attorneys:**
**Joseph A. DiRuzzo, III, Esq.,**
Fort Lauderdale, FL
   *For Plaintiff*

**Julie A. Beberman, Esq.,**
St. Croix, U.S.V.I.
   *For Defendants*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on a Report & Recommendation ("R&R") issued by Magistrate Judge Emile A. Henderson III (Dkt. No. 115), pursuant to an Order (Dkt. No. 113) referring Plaintiff Ronald E. Gillette's ("Plaintiff") *pro se* Motion to Expand Evidence[1] (Dkt. No. 72).

---

[1] Plaintiff's Motion is fully entitled: "Motion to Expand Evidence in Support of Relief Requested in Case: 1:14-CV-00110-WAL-GWC Dated March 17, 2019 in Ronald E. Gillette-Versus Warden, Golden Grove Adult Correctional Facility." (Dkt. No. 72 at 1).

In his R&R, the Magistrate Judge recommended that the Court deny as moot Plaintiff's Motion to Expand. (Dkt. No. 115). Plaintiff then filed an Objection thereto. (Dkt. No. 121). For the reasons that follow, Plaintiff's Objection will be overruled; the Court will adopt the Magistrate Judge's R&R as modified herein; and Plaintiff's Motion to Expand will be denied as moot.

## I. FACTUAL BACKGROUND

The original and Amended Complaint in this action set out twenty-two claims pursuant to the Eighth Amendment, 42 U.S.C. § 1983, *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the Americans with Disabilities Act ("ADA"), and Section 504 of the Rehabilitation Act. (Dkt. No. 1 at ¶8). Plaintiff requested that the Court enter an Order declaring that the conditions at Golden Grove Adult Correctional Facility[2] violates the Eighth Amendment of the United States Constitution and the Revised Organic Act, 48 U.S.C. § 1561, and granting injunctive relief ordering that Plaintiff be discharged from detention and restraint at Golden Grove. *Id.* at 48. In the alternative, Plaintiff sought an Order transferring him to another facility that comports with the Eighth Amendment, the Revised Organic Act, and the ADA. *Id*. Plaintiff also sought compensatory damages from Defendants Diane Prosper and Julius Wilson in their individual capacities for their alleged "intentional violation of Plaintiff's constitutional and statutory rights." *Id.*

Plaintiff subsequently submitted the instant Motion to Expand, which was filed on September 13, 2019. (Dkt. No. 72). In the Motion, Plaintiff informed the Court that he had been transferred from a CoreCivic stateside facility to a hospital in Tennessee with "eleven [] serious-to-critical major medical conditions" due to an alleged lack of medical care, and he was then

---

[2] Golden Grove Adult Correctional Facility has since been renamed the John A. Bell Adult Correctional Facility.

transferred to another CoreCivic prison, which according to Plaintiff, constituted evidence of a "breach of contract by the Government of the Virgin Islands." *Id*. at 2. Gillette also asked the Court to "order the Defendants to file all contracts concerning all CoreCivic and/or CCA prison facilities where medical and mental health prisoners had been transferred since March 8, 2016." *Id*. at 2.

On September 2, 2020, the Court adopted a Report and Recommendation by Magistrate Judge George W. Cannon, Jr. and granted Defendants' Motion for Judgment on the Pleadings. (Dkt. No. 86). Shortly thereafter, Plaintiff filed a Notice of Appeal to the Third Circuit. (Dkt. No. 88). During the pendency of the appeal, the Court ruled on two pending motions[3]—a Motion to Return and a Motion to Transfer—which it determined were not related to Plaintiff's claims on appeal, but the Court declined to address the Motion to Expand on the grounds that it "appear[ed] to be a motion to amend the complaint to add supplemental claims pursuant to Fed. R. Civ. P. 15(d)." (Dkt. No. 95 at 3). Then, in April 2021, the Third Circuit affirmed the District Court's decision granting the Motion for Judgment on the Pleadings. (Dkt. Nos. 109-1, 109-2).

The Court referred the pending Motion to Expand to the Magistrate Judge for an R&R. (Dkt. No. 113). On September 13, 2022, the Magistrate Judge issued an R&R in which he recommended that the Motion to Expand be denied as moot. (Dkt. No. 115). On October 4, 2022, Plaintiff timely filed an Objection thereto in the form of a "Response." (Dkt. No. 121).

## II. DISCUSSION

When a party makes a timely objection to a report and recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *Gillette v. Prosper,* Civil

---

[3] In these Motions, Plaintiff requested that the Court issue an order requiring his transfer back to the Virgin Islands due to alleged inadequate medical treatment he was receiving at the stateside facility where he was located. (Dkt. Nos. 67 and 82).

Action No. 2014-0110, 2020 WL 5237513, at *3 (D.V.I. Sept. 2, 2020), *aff'd*, 852 F. App'x 642 (3d Cir. 2021). While Plaintiff's Objection does not appear to specifically address the essence of the Magistrate Judge's ruling[4], the Court will nonetheless engage in a *de novo* review of the R&R.

In the R&R, the Magistrate Judge recommends that the Motion to Expand be denied as moot because the District Court has adjudicated Plaintiff's Motion to Return to which he concludes that Plaintiff's Motion to Expand is predicated; the District Court has granted the Defendants' Motion for Judgment on the Pleadings; and the Third Circuit has affirmed the District Court's ruling. (Dkt. No. 115 at 7). As such, the Magistrate Judge concludes that the District Court would be unable to provide Plaintiff any further relief—including ruling on the pending Motion to Expand—in this matter. *Id.* at 7-8.

While the Court also finds that Plaintiff's Motion to Expand is now moot, its reasoning differs from that in the R&R. As noted earlier, the Court previously construed the instant Motion to Expand as a motion to amend the complaint to add supplemental claims—namely breach of

---

[4] Plaintiff makes several assertions in his Objection to the R&R: 1) Plaintiff's case will be re-filed by injury lawyers since the Department of Justice and Inspector General will be conducting "a criminal and civil-criminal investigation[]" into the District Court of the Virgin Islands, Division of St. Croix's former judges' "biased and prejudiced corruption and coverup [of] the mistreatment[,] psychological abuse[,] and torture of Plaintiff as a federal detainee"; 2) because of a "direct and intentional misrepresentation" by the Virgin Islands Bureau of Corrections and the Government of the Virgin Islands, both entities have acted contrary to contract by sending chronically and seriously ill medical prisoners to certain stateside facilities; 3) pursuant to Virgin Islands law, the parties that signed the contracts that Plaintiff seeks should only be brought to justice in the District Court of the Virgin Islands since the transfer of the chronically and seriously ill medical prisoners occurred prior to and after March 8, 2016; 4) the Monitor in *USA v. Territory of the Virgin Islands*, Civil Action No. 1986-0265, has a responsibility to "review and approve any prisoner contract to include any inspection of proposed incarceration facility locations to ensure that those who have been convicted and sentenced in the courts of the Virgin Islands will receive humane conditions of confinement"; 5) the District Court's alleged failure to protect Plaintiff during his confinement is now under federal oversight; and 6) the court(s) and government(s) who failed miserably in preventing Plaintiff's alleged abuse during his confinement are also under federal oversight. (Dkt. No. 121).

contract claims that were not asserted in the original Complaint—pursuant to Fed. R. Civ. P. 15(d). For that reason, the Court declined to address those claims during the pendency of the appeal of this Court's ruling on the Motion for Judgment on the Pleadings. *See Thomas v. Northeastern Univ.*, 470 F. App'x 70, 71 (3d Cir. 2012) (district court was divested of jurisdiction by appeal of order dismissing complaint and could not consider motion to amend complaint). Therefore, the Court does not conclude—as the Magistrate Judge does—that the Motion to Expand simply sought to supplement Plaintiff's Motion to Return, and the Court will not adopt that portion of the R&R.

Because the Third Circuit has now affirmed the Court's decision on the Motion for Judgment on the Pleadings, there is no longer a live case or controversy to which the Motion to Expand can append. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990)) ("Article III of the Constitution restricts the power of federal courts to '[c]ases' and '[c]ontroversies,' and this 'requirement subsists through all stages of [the] proceedings.'"). Accordingly, for purposes of this proceeding, the pending Motion to Expand is now moot.[5] *See Williams v. Sec'y Pennsylvania Dep't of Corr.*, 447 F. App'x 399, 402 (3d Cir. 2011) (citing *N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 30 (3d Cir.1985)) ("If one or more of the issues involved in an action become moot … the adjudication of the moot issue or issues should be refused."); *see also Opraji v. N.E. Auto Marine Terminal*, 437 F. App'x 190, 193, n.1 (3d Cir. 2011) (internal citation omitted) ("A motion is moot when a court is unable to fashion any form of meaningful relief."); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a

---

[5] Although the Motion to Expand is now moot as it pertains to these proceedings, Plaintiff is not otherwise prevented from pursuing his claims, *consistent with applicable law*, in a separate proceeding.

plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

### III.     CONCLUSION

For the reasons set forth above, Plaintiff's Objection (Dkt. No. 115) is overruled. The Court adopts the Magistrate Judge's R&R (Dkt. No. 113) as modified herein and will deny as moot Plaintiff's Motion to Expand (Dkt. No. 72).

An appropriate Order accompanies this Memorandum Opinion.

Date:   March 15, 2023                              _____/s/_____
                                                    WILMA A. LEWIS
                                                    District Judge